**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ZOHAIR ALNABULSI | : | CIVIL ACTION NO. |
| | : | 3:10-cv-01591(JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FIRST UNUM LIFE INSURANCE | : | |
| COMPANY and the DAVID LERNER | : | |
| ASSOCIATES, INC., GROUP LONG | : | |
| TERM DISABILITY PLAN | : | |
| | : | |
| Defendants. | : | December 31, 2010 |

**RULE 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:                                   October 7, 2010

Date Complaint Served on First Unum:        October 22, 2010
Date of First Unum's Appearance:              October 29, 2010

Date Complaint Served on David Lerner:      October 18, 2010
Date of David Lerner's Appearance:            December 16, 2010

Pursuant to Fed.R.Civ.P. 16(b) and 26(f) and D.Conn.L.Civ.R.26(f), a conference was held on December 31, 2010 via telephone. The participants were:

Mr. Zohair Alnabulsi, plaintiff

Attorney Alexander Schwartz for defendant First Unum Life Insurance Company.

Attorney Gabriel Williams for defendant David Lerner Associates, Inc., Group Long Term Disability Plan.

I.      **Certification.**      Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses

and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction.

A.    *Subject Matter Jurisdiction:*    Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331.

B.    *Personal Jurisdiction:*    Personal jurisdiction over defendants is not in dispute.

## III.    Brief Description of Case.

A.    *Claims of Plaintiff:*

Plaintiff Zohair Alnabulsi, brings this action against defendants UNUM and David Lerner Associates,Inc. Group Long Term Disability Plan, as administered by UNUM, for violation of the Employee Retirement Income Security Act of 1974, (ERISA) and any amendments thereto. Zohair Alnabulsi is a participant in the plan, an ERISA welfare plan that is underwritten and insured by UNUM and issued to David Lerner Associates, Inc.

This Complaint alleges the following violations of ERISA:

(1) UNUM's unlawful termination of Zohair Alnabulsi's Long Term Disability benefits without presenting medical evidence supporting its decision; (2) UNUM's unjustified disregard for opinions of Steven C. Levin, M.D, Joachim Baehring, M.D, Khalid Abbed, M.D, and Jahangir Maleki, M.D, treating physicians in an attempt to

deprive Mr. Alnabulsi's of the LTD benefits he is due; and (3) UNUM's failure to provide reasonable claims procedure that would yield a decision on the merits of Mr. Alnabulsi's claim.

Under the direction of his doctors, Mr. Alnabulsi has attempted a variety of remedies in order to obtain some relief from his chronic pain. He underwent back surgery, followed by numerous medications, patches, injections and physical therapy. Unfortunately, none of these therapies has been successful.

UNUM was provided with Mr. Alnabulsi's illnesses treatment records. Mr. Alnabulsi's treating physicians are highly specialized in their field of medicine and part of respected medical organization, Yale New Haven Hospital and the Cleveland Clinic. All his treating physicians are in agreement that Mr. Alnabulsi is disabled.

The plan is a contract, and Mr. Alnabulsi has performed all of his obligations under the contract. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(1)(B) states that: A civil action may be brought.

UNUM's action constitutes an unlawful and/or arbitrary and capricious denial of benefits due under ERISA, as provided in ERISA § 502(a)(1)(B), § 1132(a)(1)(B). In accordance with ERISA § 502, 29 U.S.C. § 1132 Mr. Alnabulsi is entitled to be paid benefits under the plan based on his disabled status from the date his benefits were denied, and continuing into the future.

The Plaintiff respectfully prays that the court declare, adjudge and decree that Mr. Alnabulsi is entitled to past and ongoing LTD benefits under the terms of the plan.

B.      *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims)*
*of Defendant(s):*

Unum, as the claim administrator under the employee benefit plan in suit,
reviewed medical and vocational information plaintiff submitted in support of his claim;
consulted with experts; and ultimately concluded that plaintiff was not entitled to benefits
under the terms of the plan.  Plaintiff administratively appealed Unum's determination
and, after further review and consideration, Unum's compliance department affirmed the
determination.

This Court sits, in essence, in an appellate capacity.  See citations at section (V)
(E) (2) below.  It must determine, under a standard highly deferential to the
administrator, whether Unum acted within its discretion in denying the claim.  This Court
should conclude that Unum acted within its discretion in denying plaintiff's claim.  The
administrative record shows, among other things, the following:  (i) plaintiff underwent a
third party functional capacity evaluation which determined that, notwithstanding his
subjective complaints, plaintiff had full time sedentary work capacity; (ii) Unum
consulted vocational consultants who uniformly informed it that plaintiff's position was
categorized as "sedentary," and (iii) Unum consulted numerous other medical and
vocational experts in reaching its conclusion that plaintiff was not "disabled" according
to the terms of the Policy.

As the administrative record documents, Unum did not act arbitrarily or
capriciously in denying the claim.  David Lerner Associates also asserts that plaintiff's
complaint fails to state a claim upon which relief may be granted.

C.     *Defenses and Claims of Third Party Defendant(s):*     N/A at this time.

**IV.     Statement of Undisputed Facts:**     Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.     Plaintiff, Zohair Alnabulsi, is a former employee of David Lerner Associates, Inc.  ("Lerner")

2.     Plaintiff ceased working at Lerner in November 2008.

3.     At the time Plaintiff's employment ceased, he was a participant in a welfare benefit plan providing group long term disability benefits (the Plan) sponsored, established and maintained by Lerner.

4.     Long-term disability benefits were provided under the Plan through a group insurance policy, Policy #582237, issued by First Unum Life Insurance Company ("Unum") to Lerner.

6.     Unum is the claims administrator and claims fiduciary for long-term disability benefit claims under the Plan.

Further, any allegations in the Plaintiff's complaint admitted in the Defendants' answer to the Plaintiff's complaint will constitute the undisputed facts.

**V.     Case Management Plan.**

A.     *Standing Order on Scheduling in Civil Cases:* The     parties     request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

B.     *Scheduling Conference with the Court:*   The parties do request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.     *Early Settlement Conference:*

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.     The parties do request an early settlement conference at this time.

3.     The parties do request a referral to alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36.

D.     *Joinder of Parties, Responsive Pleadings and Amendment of Pleadings:*

1.     Plaintiff should be allowed until December 31, 2010 to file motions to join additional parties and to file motions to amend the pleadings.

2.     Defendants will file their answers by January 17, 2011.

E.     *Discovery:*

1.     <u>Plaintiff's Position:</u>

For years, long term disability insurance claimant's were prevented from conducting even the most basic discovery. The court's having basically accepted the disability insurer's arguments that they could only examine the records that the disability insurer reviewed in making the claims decision. However, that approach has changed since the Metlife v Glenn decision.

A recent decision issued by the US District Court in Detroit illustrates perfectly the subtle shift now taking place where the Court allowed plaintiff to actually depose the physicians relied upon by the Standard Insurance Company to deny plaintiff's claim for long term disability.

Plaintiff's counsel discovered that one of the physicians, Dr. Dickerson, had been used over and over again to terminate disability benefit claims. A simple search of the case law provided at least a dozen other cases in which Standard used this expert. Counsel for plaintiff astutely asked:

Is Dr. Dickerson's extensive association with Standard the result of him being designated an "approved physician" by the insurer's management team? Is it because all or nearly all of his opinions favor Standard instead of the disabled person? Or is it because he is a "consultant physician" for Oregon Medical Evaluations, Inc. (OEM) which provides "services for insurance claims professionals, self-insured, attorneys and workers compensation programs."? The answers to these and other questions such as percentage of income obtained or percentage of professional time spent in "consulting" for Standard and others are impossible to ascertain without formal discovery.

Plaintiff's counsel also interestingly discovered that the second physician relied upon by Standard, Dr. Shirley Ingram:

From what can be ascertained from this information, Dr. Ingram has taken two remedial medical programs in the four-year period from 2003 to 2007. She was not practicing clinical medicine or seeing patients during the relevant period that Ms.

McCandless was claiming benefits, 2005 thru 2007. Yet, Standard believes that she was the best physician to review Ms. McCandless's claim.

The court agreed that this information merited further discovery to find out why the Standard relied upon these two experts in denying plaintiffs claim for long term disability benefits rather than her treating physicians who supported her claim for disability benefits.

UNUM group has been accused of many bad faith insurance practices and has a history of delaying and denying valid insurance claims. In fact according to the American Association of Justice (AAJ) report some of UNUM's former employee have said that they had been ordered to deny valid claims in order to save the company money. Internal documents referencing the company's desire to implement cost saving policies have been discovered that corroborated the former employees' claims.

UNUM has been called an "outlaw company" by California Insurance Commissioner John Garamendi and a "rogue firm" by the BBC.

ED Bradley of CBS 60 Minutes said: "A number of people who worked at UNUM Provident, the giant of the disability insurance business, whose clients include CBS that the company management puts tremendous pressure on claims handlers to deny new claims and shut down existing ones". Many UNUM Provident policy holders- who are obviously disabled are left out in the cold.

By 2005 , so many complaints about UNUM's bad faith insurance practices were reported to U.S state insurance commissioners that UNUM agreed to pay fines to the

insurance commissioners of 48 states, plus they agreed to re-open over 200,000 cases in which they had denied coverage to policyholders.

In New York, when UNUM was brought to federal court in a class action in the Southern District of New York over its practices nationwide, the company violated the judges' order to preserve the internal company documents and emails regarding its conduct. The plaintiffs' attorneys had to seek another order to get the documents and email records secured and stored at an off-site location. Therefore discovery should be granted. The present Plaintiff requests permission to depose the people who made the decision to deny his claim.

2. Defendants' Position:

Unum and Lerner submit that there should be no discovery in this case. The Supreme Court has made clear what other courts have recognized for many years:  an insurer which both pays and administers claims operates under a conflict of interest. Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343 (2008).  Therefore, to the extent that plaintiff seeks discovery to establish a conflict of interest, that discovery is unnecessary because the court will presume one exists in this case.

In light of this presumption, plaintiff needs no further discovery. Unum voluntarily will produce the administrative record to him.  The parties will use that record to present their cross-motions for judgment on the administrative record.  The Court will then review the record to ascertain whether the administrator acted within its discretion or arbitrarily and capriciously in reviewing plaintiff's claim for benefits.  Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995).  See also Muller v. First Unum Life

Insurance Company, 2003 U.S. App. LEXIS 16899 *13 (2d Cir. August 18, 2003) (court's determination is to be made according to a review of the record upon which the decision was made—no "outside" documents or testimony is reasonably calculated to lead to admissible evidence). A "district court reviewing an ERISA denial of benefits is effectively functioning in an appellate capacity because it is precluded from considering new evidence[.]" Larsen v. The Prudential Insurance Company of America, 151 F.Supp. 2d 167, 172 (D.Conn. 2001). The Court is "not free to substitute its own judgment for that of the plan's administrator as if it were considering the issue of eligibility anew." Kocsis v. Standard Insurance Company, 142 F.Supp. 2d 241, 251-52 (D. Conn. 2001). Unum and David Lerner therefore reserve the right to object to any request that seeks discovery outside the scope of the "record review" discovery standard.

      3.     All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced no sooner than January 3, 2011 and completed (not propounded) by June 15, 2011.

      4.     Discovery will not be conducted in phases.

      5.     Discovery will be completed by June 15, 2011.

      6.     Plaintiff anticipates that he will require two depositions in this case. Defendants anticipate that they will require no depositions of fact witnesses.

      7.     Plaintiff may request permission to serve more than 25 interrogatories. Defendant submits that no extra-record discovery is appropriate.

      8.     Plaintiff does intend to call expert witnesses.

      9.     Defendants do not intend to call expert witnesses.

10.   A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 15, 2011.

11.   Undersigned have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.   Unum will produce the administrative record, which contains the universe of information upon which it made its determination on plaintiff's claim. Therefore, discovery into electronically stored information is not relevant

12.   Undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If any privileged issues arise, they shall present them to the Court for resolution

F.   *Dispositive Motions:*Parties request that they be permitted to file dispositive motions on or before June 30, 2011.

G.   *Joint Trial Memorandum:* The parties submit that a joint trial memorandum should be filled within 30 days of the court's decision on the defendants' motion for summary judgment.

## VI.   Statement re: Sanctions

Pursuant to the Court's December 15, 2010 Notice, the parties submit that sanctions should not be imposed for the following reasons:  Plaintiff is proceeding *pro se* and has been attempting to proceed expeditiously with prosecuting this action.  He has been responsive, communicative and cooperative with defendants' counsel, and any delay was caused unintentionally and did not cause prejudice to either defendant. Further, the parties have been discussing a mechanism in which Unum will take over responsibility for the defense of the entire case and plaintiff will voluntarily discontinue his action against David Lerner Associates, Inc., Group Long Term Disability Plan.

**VII.   Trial Readiness.**   This case will be trial ready within 45 days of the Court's decision on the defendants' motion for summary judgment.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Defendants' counsel has authorized plaintiff's counsel to sign on his behalf.


DATED: __1ᒪ/ʒ1 /ᒪ0__          PLAINTIFF



_Zohair Alnabulsi_  ( ᴄᴴ )
Zohair Alnabulsi
2 Covey Crossing
Guilford, Ct 06437
203. 204.1150
zalnabulsi@yahoo.com

DEFENDANTS

FIRST UNUM LIFE INSURANCE COMPANY

DATED: 12/31/10            By: _____

Alexander H. Schwartz (ct 05773)
3695 Post Road, Suite 203
P.O. Box 701
Southport, CT   06890-0701
203.255.9829
203.255.9839 (fax)
alex@ahschwartz.com

DAVID LERNER ASSOCIATES, INC., GROUP
LONG TERM DISABILITY PLAN

DATED: 12/31/10            By: _____

Gabriel L. Williams
Jackson Lewis, LLP
177 Broad Street
Stamford, CT   06904-0251
203.961.0404
203.324.4704 (fax)
williamg@jacksonlewis.com

## CERTIFICATION

I hereby certify that on a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Alexander H. Schwartz